## McNaught & Scrutchin *vs.* Anderson.

1. If a husband consent that his wife may take boarders into the family and that she shall have the gross proceeds for application on a contract which he has made with a third person for the purchase of real estate, and if money so acquired by the wife be thus applied, the money is hers and not his, her right to it being founded on a meritorious consideration; and if, on completing payment, the wife take a conveyance of the premises to herself from such third person, her title will prevail against a creditor of her husband who gave credit after the property was paid for, though the conveyance to her be of later date than the giving of such credit, it not appearing that the credit was given upon faith of the specific

property, or that the debtor was in possession as apparent owner when the debt was created.

2. The above ruling controls the case upon its substantial merits, and if any errors were committed upon the trial, they were of minor importance and not material to the result.

May 9, 1887.

Husband and Wife. Debtor and Creditor. Practice in Superior. Court. Before Judge Richard H. Clark. Dekalb Superior Court. September Term, 1886.

A *ft. fa.* in favor of McNaught & Scrutchin against Langford & Anderson was levied on certain real estate in the town of Decatur as the property of Anderson, and a claim was interposed by Mrs. Anderson, the wife of defendant. On the trial, the evidence for the plaintiffs was, in brief, as follows: They held a note against the defendants, dated April 12, 1883, due one day after date, for $428.27. Suit was filed February 18, 1884, and judgment rendered September 16, 1884. The county tax digest was introduced in evidence to show insolvency of defendants. From this it appeared that defendant, Anderson, made the following returns:

| City real estate in Decatur. | Personalty. |
|---|---|
| 1881.........$ 600........................................................$ 80 |
| 1882......... 800............................................ 210 |
| 1883......... 1,000....................................... 150 |
| 1884......... 1,000...................................... 150 |
| 1885......... 1,000 (as agent)................................. 150 |

There were no returns for the defendant firm nor for Mrs. Anderson during those years.

The plaintiffs also introduced a deed from Isabella Reagan to the claimant, dated January —, 1884.

The claimant and her brother-in-law testified in her behalf, in brief, as follows: She bought the place from one Walker and took a bond for title. Her husband conducted the negotiations for her and took the bond in his name, but at the time of the trade, it was agreed between them that when she should pay the purchase money in full, the

deed was to be made to her. She took boarders, and her husband agreed that she might have the money arising therefrom for servants' hire. She hired no servants, but did the work herself, and told her husband that she would take that money and pay for the place. There was no written contract, but they talked about it a number of times. Her boarders paid her $10 or $12 per month. She kept no account and could not tell what was the expense of maintaining them. Her husband paid for the provisions for the house. She paid for the place from the proceeds of keeping boarders, except a small part which arose from the sale of a cow and some other property belonging to her. Her husband did not assist her in paying for the property, except that he did some work in part payment, amounting to something over $100, and for this she paid him. One of her boarders began boarding with her about 1876 and remained about eight years; the other began about 1881 and staid about two to three or four years. The latter was her husband's brother and worked for him in his shop on a contract for $15 per month and his board to be paid, or he was to be paid that amount and board. He had no separate contract as to board. It was worth about $10 per month. Claimant paid for the place along as she had money, and after final payment received the deed introduced in evidence by the plaintiffs.

The jury found for the claimant. The plaintiffs moved for a new trial on substantially the following among other grounds:

(1), (2) Because the verdict was contrary to law and evidence.

(3) Because the court rejected the tax returns and the tax digest of the county, introduced for the purpose of showing that the defendant in *fi. fa.* was or had been returning the property as his and thus holding himself out as the owner of the property, such holding out being claimed by plaintiffs as a circumstance to invalidate the gift against them.

(4) Because the court refused to charge the jury as follows:

(*a*) The wife is bound to discharge the household duties, and for this is not entitled to compensation therefor from her husband. This duty includes the providing for such boarders as the husband may introduce.

(*b*) A gift from the husband to the wife must be fully executed in order to affect the rights of creditors. A promise to execute is not sufficient. No interest in real estate can be given or transferred except in writing.

(*c*) All transactions between husband and wife affecting creditors must be very closely scrutinized.

(*d*) An insolvent man cannot make a gift so as to interfere with the rights of creditors existing at the time of the gift, nor in contemplation of debt, with the intent to defeat future creditors.

(*e*) A person owning a bond for titles has an interest in land which is subject to his debts.

(*f*) If the arrangement between the husband and wife was that the husband should take bond for titles in his own name, and give his wife the proceeds of her labor in keeping boarders, as it should occur, to be paid for purchase money, and when purchase money should be paid in full, that his wife should have title, such would be an executory arrangement and not a fully executed gift till the deed was made to the wife.

(*g*) Even if the gift were completely executed prior to the contracting of plaintiffs' debt, yet if the circumstances were of such a nature as to indicate an intent to defeat or delay future creditors, the gift would be void.

(*h*) For the business of the wife to be exempt from the debts of the husband, he should not receive any of the benefits.

The motion was overruled, and the plaintiffs excepted.

SAMUEL BARNETT, Jr., for plaintiffs in error.

CANDLER, THOMSON & CANDLER, for defendant.

BLECKLEY, Chief Justice.

1. The legal unity of husband and wife has, in Georgia, for most purposes, been dissolved, and a legal duality established. A wife is a wife, and not a husband, as she was formerly. Legislative chemistry has analyzed the conjugal unit, and it is no longer treated as an element, but as a compound. A husband can make a gift to his own wife, although she lives in the house with him and attends to her household duties, as easily as he can make a present to his neighbor's wife. This puts her on an equality with other ladies, and looks like progress. Under the new order of things, when he induces her to enter into the business of keeping boarders, and promises to let her have all the proceeds, he is allowed to keep his promise if she keeps the boarders. It would seem that the law ought to tolerate him in being faithful to his word in such a matter, even though he has pledged it only to his wife, and we think it does. If a husband consent that his wife may take boarders into the family and that she shall have the gross proceeds for application on a contract which he has made with a third person for the purchase of real estate, and if money so acquired by the wife be thus applied, the money is hers and not his, her right to it being founded on a meritorious consideration; and if, on completing payment, the wife take a conveyance of the premises to herself from such third person, her title will prevail against a creditor of her husband who gave credit after the property was paid for, though the conveyance to her be of later date than the giving of such credit, it not appearing that the credit was given upon the faith of the specific property, or that the debtor was in possession as apparent owner when the debt was created.

2. The above ruling controls the case upon its substantial merits, and if any errors were committed upon the trial, they were of minor importance and not material to the result.

Judgment affirmed.